
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **EARNESTINE J. SAUNDERS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action No. 3:03CV697 |
| v. | ) |
| | ) |
| **CITY OF PETERSBURG POLICE** | ) |
| **DEPARTMENT, et al.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

This matter is before the court by consent of the parties pursuant to 28 U.S.C. § 636(c)(1). The action is based on the court's federal question jurisdiction, under 42 U.S.C. § 1983. The Plaintiff, proceeding *pro se*, has filed a petition with the court asking that her case be reopened. Such a motion is properly made as one for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). *See* Marks v. Soc. Sec. Admin., 963 F. Supp. 517, 521 n.3 (E.D. Va. 1997) (construing a motion to reopen a case as one filed under Rule 60(b)). Having considered the written motions, the court concludes that the Plaintiff's petition must be DENIED.

### Facts

In an earlier opinion, this court summarized the undisputed facts of the case. (Mem. Op., May 11, 2004). Only the most pertinent facts bear repeating. On September 22, 2002, a vehicle was pursued into the City of Petersburg by a Prince George County police officer and subsequently crashed. (Mem. Op. at 2). Responding to calls, several Petersburg police officers arrived on the scene. Id. The Plaintiff also arrived at the scene and attempted to approach the

crashed vehicle, which she owned. Id. The police officers tried to verbally instruct the Plaintiff that she could not approach the car, but the Plaintiff ignored them. Id. One officer tried to physically stop the Plaintiff from approaching the vehicle, but she pushed him in the chest. Id. at 3. Another officer threatened to arrest the Plaintiff and the Plaintiff yelled at him. Id. When that officer placed her under arrest and tried to handcuff her, she punched him in the chest. Id. Several of the officers present then assisted in handcuffing the Plaintiff, who later pled guilty to obstruction of justice. Id.

## Procedural History

On September 2, 2003, the Plaintiff filed a *pro se* complaint in federal court alleging that her civil rights had been violated by several defendants, including the City of Petersburg Police Department, Adam C. Mimms and William B. Hinkle, officers for the City of Petersburg Police Department, John H. Chabinak, a detective for the City of Petersburg Police Department, and J.K. Kuyendall, an officer for the Prince George County Police Department. (Complaint).

All of the defendants moved for summary judgment, pursuant to Federal Rule of Civil Procedure 56. After accepting the Plaintiff's admission that she could not oppose summary judgment for the City of Petersburg Police Department, Hinkle, Chabinak, and Kuyendall, this court granted summary judgment with respect to those defendants, as well as with respect to Mimms. (Mem. Op. at 1).

Subsequently, the Plaintiff appealed this court's decision, and the Court of Appeals for the Fourth Circuit affirmed. (Def.'s Br. in Opp. at 2). The plaintiff petitioned for a rehearing and was denied. Id. The Plaintiff also appealed to the United States Supreme Court, which denied her petition. Id. Her motions for reconsideration were also denied. Id. Finally, on September 9,

2005, the Plaintiff filed a petition with this Court to reopen her case.

## Analysis

Under Rule 60(b), "[t]he remedy . . . is extraordinary and is only to be invoked upon a showing of exceptional circumstances." Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979). Accordingly, the movant must make several threshold showings, including timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances. Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984).[1] Once the movant has made these threshold showings, he must further show that his case falls within one of the six categories for relief provided in Rule 60(b). Id. at 207. Specifically, the movant must show:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Without even considering the other required threshold showings, it is clear that the Plaintiff in this case has not shown the exceptional circumstances that are necessary for this court to grant relief from judgment. In support of her motion, the Plaintiff argues that the attorney who

---

[1] A few cases seem to imply that a threshold showing of exceptional circumstances is not necessary under Rule 60(b). See, e.g., Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993) (noting that the "exceptional circumstances" showing is only sometimes used). However, the vast majority of authority includes the "exceptional circumstances" element in the threshold test for relief under Rule 60(b).

represented her when she pled guilty to obstruction of justice also represented a Petersburg police officer in an action for aggravated malicious wounding of a citizen, and, accordingly, had a conflict of interest. (Pl.'s Pet. Case Reopen). She also attaches to her motion several newspaper articles about Petersburg police officers not involved in this action. Id.

In her reply brief, the Plaintiff submits, among other things, copies of affidavits already submitted to this court, correspondence from the attorney that represented her on the obstruction of justice charge, statements from friends and relatives about the events that occurred the night that the Plaintiff was arrested, copies of the informal briefs that were submitted to the Court of Appeals, more newspaper articles detailing possible misconduct by Petersburg police officers not named in this case, and various medical records and bills. (Pl.'s Br. Opp'n Def.). She also points out that she has no lawyer at this stage in the proceedings and that it was out of her control that her petition for rehearing to the Supreme Court was found to be "out of time." Id.

While the information submitted by the Plaintiff is voluminous, it does not appear to present any exceptional circumstances. The fact that a party is proceeding *pro se* has been deemed by this district not to support a finding of exceptional circumstances. See Marks, 963 Supp. at 521. Further, the Plaintiff appears to do nothing more than ask this court to change its mind with regard to its prior grant of the Defendants' motion for summary judgment on the basis of the facts already submitted to it, as well as additional, irrelevant facts, such as the newspaper articles about the purported misconduct of other police officers. This type of material cannot support a showing of the exceptional circumstances which could induce the court to grant a

motion for relief from judgment.[2] Additionally, "[w]here the motion is nothing more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982).

### Conclusion

For the foregoing reasons, the Plaintiff's motion for relief from judgment will be DENIED.

An appropriate Order shall issue.

### Notice to Pro Se Plaintiff

This Memorandum Opinion is the final decision of the court in this matter. To appeal this decision, as of right, to the Court of Appeals, either party may file a Notice of Appeal with the Clerk's Office within thirty (30) days from the filing date of the accompanying Order.

```
                    /s/
             Dennis W. Dohnal
             United States Magistrate Judge
```

Date: October 21, 2005

---

[2] There are few cases in which Fourth Circuit courts have actually found exceptional circumstances. However, some of the few include Bonney v. Roelle, 1997 WL 407831, *9 (4th Cir. July 21, 1997) (unpublished), in which the foreign defendants' unfamiliarity with the American legal system was deemed to be an exceptional circumstance and Montgomery Ward Comprehensive Health Care Plan v. Layne, 1996 WL 436561, *5 (4th Cir. July 23, 1996) (unpublished), where an exceptional circumstance was found because pertinent documents were not before the court when it made its final decision. See also Vinten v. Jeantot Marine Alliances, S.A., 191 F. Supp. 2d 642, 651-52 (D.S.C. 2002) ("Fourth Circuit case law suggests that a judgment void for lack of personal jurisdiction presents the exceptional circumstances needed to grant the motion."); Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 774 F. Supp. 996, 999 (S.D. W. Va. 1991) (holding that exceptional circumstances existed where the highest court in West Virginia had addressed the subject matter of the lawsuit since the time of the final judgment).